IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,** | § § |
| Plaintiff, | § § § CASE NO.: 1:20-cv-07816-RA |
| vs. | § § § |
| **LEANTEGRA, INC.,** | § § § |
| Defendant. | § § § |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b), Plaintiff Display Technologies, LLC ("Plaintiff" and/or "Display") brings this Motion for Default Judgment against Defendant, Leantegra Inc. ("Defendant" and/or "Leantegra"), and in support, states:

**I.
BACKGROUND**

1. On September 22, 2020, Plaintiff filed a Summons Request (Doc. 7) and Complaint (Doc. 1) against Defendant, alleging infringement of U.S. Patent No. 9,300,723 under 35 U.S.C. §§271. *See*, **Exhibit 1**.

2. On October 5, 2020, Plaintiff's process server personally served Defendant with the Summons and Complaint at Defendant's registered agent, The Company Corporation, located at 251 Little Falls Drive, Wilmington, DE 19808.

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to answer or otherwise respond to the Complaint by October 26, 2020. Defendant failed to do so.

4. On January 15, 2021, the Court entered an Order Granting Motion to Continue Initial Pretrial Conference, continued to March 23, 2021. Defendant failed to appear.

5. On March 5, 2021, Plaintiff requested a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1 and Federal Rule of Civil Procedure 55(a) (Doc. 19).

6. On March 8, 2021, the Clerk of the Court issued the Clerk's Certificate of Default (Doc. 21). *See*, **Exhibit 2**.

## II.
## LEGAL STANDARD

7. "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *Elec. Creations Corp. v. Gigahertz, Inc.*, No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

8. First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

9. Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop,* 645 F.3d at 137.

10. The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor. *Belizare,* 61 F. Supp. 3d at 344.

## III.
## DEFAULT JUDGMENT IS PROPER

11. Local Civil Rule 55.2(b) and Federal Rule of Civil Procedure 55(b) authorizes Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

12. The Court possess jurisdiction over this action pursuant to Section pursuant to 28 U.S.C. §§ 1331. Venue properly lies with this Court pursuant to 28 U.S.C. §1400(b) because Defendant is deemed to be a resident of this District and alternatively, Defendant committed the acts of infringement alleged in the Complaint within this District. *See,* **Exhibit 3, Complaint ¶7.**

13. Defendant has not shown a meritorious defense to the action.

14. Plaintiff will suffer prejudice if default judgment is not entered.

## IV.
## RELIEF REQUESTED

15. Section 284 of the Patent Statute (35 U.S. Code § 284) envisages that a patentee is entitled to damages which are adequate to compensate for any kind of infringement of his patents and that said compensation cannot be less than a reasonable royalty for the use made of the invention by the infringer.

16. Plaintiff respectfully submits that damages should be based upon a reasonable royalty and that the reasonably royalty should be calculated as set forth in the Attorney's Affidavit. *See*, **Exhibit 4, ¶ 7-15**.

17. The amount of reasonable royalty according to this calculation is: $123,750.00.

18. At minimum, damages should be no lower than $57,000.00.

19. Plaintiff respectfully requests this Court to enter a default judgment in favor of the Plaintiff ordering Defendant to pay Plaintiff damages in the amount of $123,750.00, but no less than $57,000.00.

Dated: June 22, 2021.

Respectfully submitted,

*/s/Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically on June 22, 2021 and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/Jay Johnson*
**JAY JOHNSON**