```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DISPLAY TECHNOLOGIES, LLC,                                       :
                                                                 :
                        Plaintiff,                               :
                                                                 :           20-cv-7816 (LJL)
        -v-                                                      :
                                                                 :           OPINION AND ORDER
LEANTEGRA, INC.,                                                 :
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/07/2022

LEWIS J. LIMAN, United States District Judge:

Display Technologies, LLC ("Plaintiff") brings this action against Leantegra, Inc. ("Defendant") alleging direct patent infringement in violation of 35 U.S.C. § 271. *See generally* Dkt. No. 1 ("Compl."). Defendant has not appeared in or answered the action. Plaintiff obtained a Certificate of Default from the Clerk of Court, Dkt. No. 21, and now moves for default judgment against Defendant.

For the reasons discussed below, the motion for default judgment is granted as to liability.

## BACKGROUND

By defaulting, Defendant has admitted the well-pleaded allegations of the complaint. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). The complaint alleges as follows.

Plaintiff is a Texas limited liability company and owns by assignment United States Patent No. 9,300,723 ("the '723 Patent"). Compl. ¶¶ 3, 10. Defendant is a Delaware corporation that "makes, uses, and/or sells the Leantegra Proximity marketing system." *Id.* ¶¶ 4, 13.

Plaintiff alleges that Defendant "has infringed and continues to infringe . . . on at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent." *Id.* ¶ 13.

Plaintiff applied for the '723 Patent on June 12, 2012, and it was granted on March 29, 2016. Compl, Ex. A at 2. The '723 Patent pertains to a "digital media communication protocol structured to facilitate transferring and/or transmitting one or more digital media files to and/or from a media terminal and a media node via at least one interactive computer network." *Id.* at 8. Claim 1 of the '723 Patent claims:

> a media system, comprising[: (1)] at least one media terminal disposed in an accessible relation to at least one interactive computer network, [(2)] a wireless range structured to permit authorized access to said at least one interactive computer network, [(3)] at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal, [(4)] at least one digital media file initially disposed on at least one of said at least one media terminal or said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range, [(5)] a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network, [(6)] said communication link being initiated by said at least one media terminal, [(7)] said at least one media node and said at least one media terminal being structured to transmit said at least one digital media file therebetween via said communication link, and [(8)] said communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal.

*Id.* at 11.

Plaintiff has provided screen captures of Defendant's advertising of its product and descriptions of how Defendant's advertised technology overlaps with the description in Claim 1. Compl. ¶¶ 13–22. Plaintiff explains that, "[f]or example, [using Defendant's product,] marketers can store promotional information within the server (media node) which is pushed to the media terminal (smartphone) when the app residing within the smartphone (media terminal) detects the

network through the beacons." *Id.* ¶ 18.  Plaintiff further notes that "the communication link (cloud communication) [of Defendant's product] is structured in such a way that whenever a smartphone (media terminal) passes within the wireless range of a beacon, the beacon will trigger the notifications (digital media file) through the network to the smartphone (bypassing the security measure of the media terminal i.e. notifications can be transmitted to the media terminal)." *Id.* ¶ 22.

## PROCEDURAL HISTORY

Plaintiff filed this action on September 22, 2020, asserting claims for patent infringement in violation of 35 U.S.C. § 271.  *See generally* Compl. at ¶¶ 8–15.  Plaintiff sought an order enjoining Defendant and its agents from further infringement of the '723 Patent or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward[1] and damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284.  Compl. at 14–15.  On October 5, 2020, Plaintiff caused Defendant to be served and filed a proof of service on October 12, 2020.  Dkt. No. 11.  After Defendant failed to answer, appear, or otherwise respond to the complaint by the deadline for doing so, Plaintiff sought and obtained from the Clerk of Court a Certificate of Default against Defendant.  *See* Dkt. Nos. 20, 21.  On June 22, 2021, Plaintiff moved for default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55.  Dkt. No. 24.

---

[1] Although Plaintiff requested this relief in its complaint, Plaintiff does not do so in its motion for default judgment and therefore the Court has only considered Plaintiff's request for damages, attorneys' fees, and other expenses.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128; *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop, LLC*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law. *See Mickalis Pawn Shop*, 645 F.3d at 137.

While a defendant who defaults admits the well-pleaded factual allegations in a complaint, because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the [plaintiff's] allegations are sufficient to establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).

4

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor." *WowWee Group Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). In addition to considering the Plaintiff's complaint, "the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit . . . , or matters of which judicial notice may be taken." *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)); *see also Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 383 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021) (summary order).

A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiff "must therefore substantiate its claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017) (summary order). To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Id.*

# DISCUSSION

## I. Jurisdiction

This claim arises under 35 U.S.C. § 271, and the Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The complaint also contains well-pleaded allegations as to personal jurisdiction, including that Defendant Leantegra, Inc. has its principal place of business in New York, New York. Compl. ¶ 4.

## II. Liability

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). There are "five elements of a patent infringement pleading, to (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (citing *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

Plaintiff has satisfied each of the five elements required to establish Defendant's liability for patent infringement. Plaintiff alleges its ownership of the '723 Patent "with sole rights to enforce the '723 Patent and sue infringers." Compl. ¶ 10; *see also* Compl., Ex. A (the '723 Patent). Plaintiff has identified the Defendant through its advertisements and provided screen captures and explanations of the means by which the Defendant has infringed. *See generally* Compl. ¶¶ 13–22; *see also IPVX Pat. Holdings, Inc. v. Taridium, LLC*, 2014 WL 4437294, at *2 (E.D.N.Y. Aug. 6, 2014) (finding that defendant was liable for the direct infringement of

plaintiff's patented "Telephone Answering Service Linking Displayed Data with Recorded Audio Message" by manufacturing, using, selling, offering for sale, or using the patented method), *report and recommendation adopted*, 2014 WL 4437307 (E.D.N.Y. Sept. 9, 2014).  Plaintiff has also specified that Defendant's infringement violated 35 U.S.C. § 271.  Compl. ¶¶ 9, 13. Default judgment is therefore granted for this claim.

## III.   Damages, Attorney's Fees, and Other Costs

Under the Patent Act, "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  35 U.S.C. § 284.  "The question to be asked in determining damages is . . . primarily: had the Infringer not infringed, what would Patent Holder-Licensee have made?"  *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964) (internal quotation marks and citation omitted).  However, "[i]f the patent holder is unable to show lost profits, . . . the minimum statutory recovery is the amount of reasonable royalty due to the patent holder by the infringer."  *Rates Tech. Inc. v. Redfish Telemetris, Inc.*, 2001 WL 1825854, at *4 (E.D.N.Y. Dec. 20, 2001).  "The royalty may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant."  *Rite–Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc) (citation and footnote omitted); *see also Wordtech Sys., Inc v. Integrated Networks Solutions, Inc.,* 609 F.3d 1308, 1319 (Fed. Cir. 2010) ("A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer . . . .").  "Such an analysis 'necessarily involves some approximation of the market as it would have hypothetically developed absent

infringement,' which in turn 'requires sound economic and factual predicates.'" *Merch. Media, LLC v. H.S.M. Int'l,* 2006 WL 3479022, at *9 (S.D.N.Y. Nov. 30, 2006) (quoting *Riles v. Shell Exploration & Prod. Co.,* 298 F.3d 1302, 1311 (Fed. Cir. 2002)).

Because the Court has granted default judgment for Plaintiff's claim of patent infringement, Plaintiff is entitled to damages for the infringement. Plaintiff requests $123,750 in damages and $10,000 in attorney's fees. In calculating damages, Plaintiff has submitted an affidavit of counsel that cites various publicly available estimations of Defendant Leantegra's annual revenue, ranging from $2 million to $10 million. Dkt. No. 24-4 ¶¶ 9–12. Plaintiff does not explain what qualifies any of these sources to make such an estimation, nor what information about Defendant the estimations utilized in their calculations. Plaintiff also includes an entry citing the amount of funding Defendant raised in a given year, rather than revenue they made, and does not explain the relevance of this value to any lost income by Plaintiff. *Id.* ¶ 10. Plaintiff;s counsel then states that Defendant relies upon the infringing technology for a "substantial portion" of its business and "[i]t is generally well-known and accepted that average royalty rates for patent licensing range from 3 to 6% of gross sales." *Id.* ¶¶ 13–14. Plaintiff does not cite any sources for this royalty rate range, nor explain how they came to the conclusion that the infringing technology is a substantial portion of Defendant's business. Counsel then estimates that Defendant uses the '723 Patent to produce 25% of its revenue and applies that percentage to the $5.5 million median of the range of $2 million to $10 million[2] to arrive at an annual revenue resulting from infringement of $1.375 million. *Id.* ¶ 15(a). Plaintiff does not

---

[2] The source Plaintiff cites for this revenue estimation cites a range of revenue for Defendant between $5 million and $10 million. Dkt. No. 24-4. If the Court were to credit these estimates and exclude this outlier, the weighted average of the cited annual revenues would become $4 million instead of $5.5 million.

explain why it reasons the infringing product would constitute 25% of Defendant's revenue, for example by explaining Defendant's business model or whether it offers any other products. Plaintiff utilizes a "conservative 3% royalty" and cites Defendant's usage of the technology for at least three years to arrive at damages of $123,750.  *Id.* ¶¶ 15(b–d).  Plaintiff further cites that it has previously licensed the '723 Patent for the life of the patent for payments ranging from $12,000 to $57,000, and therefore Plaintiff is entitled to damages no lower than $57,000. Plaintiff does not provide an explanation for why the maximum value in the range of license payments it has received is the lowest reasonable royalty this Court should award.

The court also "in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  "Whether a case is 'exceptional' is a determination of fact, and the awarding of attorneys' fees in such cases is left to the court's discretion."  *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 891 F. Supp. 751, 834 (E.D.N.Y. 1995), *aff'd*, 96 F.3d 1409 (Fed. Cir. 1996).  To classify as an exceptional case, there must be more than an allegation of simple patent infringement, most commonly a demonstration of willful infringement by the defendant.  *See Modine Mfg. Co. v. Allen Grp., Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990) ("An express finding of willful infringement is a sufficient basis for classifying a case as exceptional . . . .").

Plaintiff asserts that attorney's fees and costs in this case amount to $10,000 without providing any accounting of attorney rate(s), hours spent, tasks completed, or the source of any other costs.  Dkt. No. 24-4 ¶ 15(e).  Plaintiff has not pointed to any information that would qualify this case as exceptional and, even if Plaintiff had successfully done so, Plaintiff has not provided the requisite documentation for the Court to find what attorney's fees would be reasonable under these circumstances.  The Court will refer this matter to a magistrate judge for an inquest to determine appropriate damages and, if applicable, attorney's fees and costs.

## CONCLUSION

Default judgment on liability is GRANTED. With respect to damages and attorney's fees, this matter will be referred to a magistrate judge to determine the appropriate damages to be awarded to Plaintiff and to determine Plaintiff's eligibility for and, if appropriate, the amount of any award of attorney's fees and other costs.

The Clerk of Court is respectfully directed to close Dkt. No. 24, but not to close the case. The Court directs Plaintiff to transmit a copy of this Order to Defendants through any means they have previously used to communicate with Defendant.

SO ORDERED.

Dated: February 7, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge