IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, § § § Plaintiff, § § vs. § § LEANTEGRA, INC., § § Defendant. § § | CASE NO.: 1:20-cv-07816-LJL-KHP |

**PLAINTIFF DISPLAY TECHNOLOGIES, LLC'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DAMAGES**

Pursuant to the Court's February 7, 2022 Opinion and Order [Doc. 25] and the Court's February 11, 2022 Inquest Scheduling Order [Doc. 27], Plaintiff Display Technologies, LLC ("Display" and/or "Plaintiff") submits these Proposed Findings of Fact and Conclusions of Law on Damages. Contemporaneously herewith, Plaintiff further submits its Memorandum of Law in Support of its Claims for Damages ("Inquest Memo"), the Declaration of Jay Johnson (Plaintiff's Lead Counsel of Record), along with the exhibits attached thereto, which are fully incorporated as if set forth herein.

I.    **PROPOSED FINDINGS OF FACT**

1.    Defendant Leantegra, Inc.'s (hereinafter "Defendant" and/or "Leantegra") listed Registered Agent for service is The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808.

2.    Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of United States Patent No. 9,300,723 (hereinafter "the '285 Patent") by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Leantegra Proximity marketing system, and any

similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271. See Plaintiff's Complaint ¶ 13 [Doc. 1]

1. On September 22, 2020, Plaintiff filed its Complaint against Defendant for infringement of United States Patent No. 9,300,723 (hereinafter "the '285 Patent") [Doc. 1].

2. On October 5, 2020, Plaintiff served Defendant with the Complaint and Summons via process server to its listed Registered Agent of process. Thereafter, on October 12, 2020, Plaintiff filed the executed Affidavit of Service with the Court [Doc. 11].

3. On March 5, 2021, Plaintiff filed its Proposed Clerk's Certificate of Default [Doc. 19], Affidavit in Support [Doc. 20] and Request for Clerk's Certificate of Default [Doc. 20-1]. Thereafter, on March 8, 2021, the Clerk's Certificate of Default was entered [Doc. 21].

4. On June 22, 2021, Plaintiff filed its Motion for Default Judgment [Doc. 24.] Thereafter, on February 7, 2022, the Honorable Judge Lewis J. Liman issued an Opinion and Order finding that Defendant was in default and was liable for infringement of the '723 Patent. See Order [Doc. 25].

5. On February 9, 2022, the Court ordered that this matter be referred to the Honorable Magistrate Judge Katherine H. Parker, solely for an inquest to determine the amount of damages to be awarded Plaintiff. See, Order [Doc. 26].

6. Display respectfully submits that damages should be calculated a reasonable royalty and that the reasonable royalty should be calculated as set forth in the Affidavit of Jay Johnson. The amount of a reasonable royalty according to this calculation is $133,750.00 U.S.D. See, Affidavit of Jay Johnson in Support of Plaintiff's Motion for Default Judgment [Doc. 24-1] Exhibit 4, ¶ 7-17.

7.   At a minimum, damages should be no lower than $57,000.00. *See, See,* Affidavit of Jay Johnson in Support of Plaintiff's Motion for Default Judgment [Doc. 24-1] Exhibit 4, ¶ 7-17.

8.   Plaintiff respectfully asks this court to enter a default judgment in favor of Plaintiff ordering Defendant to pay Plaintiff an amount of damages of $135,675.00 U.S.D.

9.   Plaintiff requests this Court to award Plaintiff its attorney fees and expenses incurred in pursuing this matter. Plaintiff's attorney fees are $11,925.000, as outlined in the Declaration of Jay Johnson attached hereto as Exhibit 1.

## II.   CONCLUSIONS OF LAW

1.   Any Finding of Fact that is a Conclusion of Law should be treated as such. Any Conclusion of Law that is a Finding of Fact should be treated as such.

2.   Defendants failed appear and file an answer or motion per Rule 12 of the Federal Rules of Civil Procedure.

3.   In accordance with Rule 55 of the Federal Rules of Civil Procedure, Plaintiff sought a default judgment against the Defendant.

4.   For the reasons set forth and found in the Honorable Judge Lewis J. Liman's Opinion and Order dated February 7, 2022 [Doc. 25], the Defendant is deemed liable for infringement of the '723 Patent.

5.   The Court has considered Plaintiff's submissions regarding damages and finds that damages should be awarded in the amounts of $123,750.00 for infringement and $11,925.00 for attorney fees, for a total amount of $135,675.00. *See* Declaration of Jay Johnson attached hereto as Exhibit 1.

**SO ORDERED:**

DATED this ____ day of _____, 20_____.

BY THE COURT:

_____
HONORABLE UNITED STATES DISTRICT COURT/
MAGISTRATE JUDGE

Dated: March 10, 2022.          Respectfully submitted,

*/s/Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing document was filed electronically on March 10, 2022 and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.

*/s/Jay Johnson*
**JAY JOHNSON**